NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-221-KKC

TERRY L. HENSLEY                                                                           PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

DONALD L. STINE                                                                          RESPONDENT

* * * * *

Terry L. Hensley, an individual presently confined at the United States Penitentiary- McCreary in Pine Knot, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, and he has now paid the $5.00 District Court filing fee.

This matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  Accordingly, the petitioner did not need a  separate motion to liberally construe his pleadings, because the Court will do so *sua sponte*.

CLAIMS

The petitioner claims that the Bureau of Prisons' (BOP) decision to deny him credit toward his federal sentence for 486 days which he spent in presentence custody is contrary to 18 U.S.C. §3568; runs afoul of the district court's intent to run his federal and state sentences concurrently; renders his guilty plea unknowing; and violates his constitutional rights to due process and equal protection under the Fifth and Fourteenth Amendments.

ALLEGATIONS OF THE PETITION

The following is a summary or construction of the petitioner's allegations, as gleaned from his complaint, accompanying brief, and attached documentary exhibits.  Record Nos. 1 - 2.

The petitioner states that he was arrested in Nevada on April 1, 2002, on state charges unrelated to the federal sentence he is now serving.  On that date, one or more detainers were purportedly lodged against him from Eastern District of Kentucky.  The petitioner claims that because of these detainers, he was unable to obtain release on bond.  On July 8, 2002, he was sentenced to three years' imprisonment by the Nevada court, and he began service of that sentence.

Several months later, on October 16, 2002, the petitioner was "borrowed" from state custody, pursuant to a federal writ of habeas corpus *ad prosequendum*, and he came before this Court for sentencing on July 31, 2003, on three separate matters.  These are identified by the BOP as follows:

> Case # 2:03-CR-27-JBC, 18:472 Uttering Counterfeit Obligations Sentenced to "92 months, concurrent to 00-87, and concurrent with any other undischarged term of imprisonment."

> Case #2:00-CR-87-JBC, 21:846 Conspiracy to possess with intent to distribute marijuana. Sentenced to "92 months, concurrent to 03-27, and concurrent with any other undischarged term of imprisonment."

> Case #2:03-MISC-5, Supervised Release Violation
> Sentenced to "33 months, 17 months consecutive with 2:00-CR-87 and 2:03-CR-27, and 16 months concurrent."

Record No. 2, attachment 4-3.  On August 28, 2003, the petitioner was returned to Nevada to complete the Nevada state sentence.  According to records which the BOP obtained from the Nevada Department of Corrections, Petitioner Hensley was paroled by the state on February 19, 2004, and later taken into federal custody to serve the remainder of his federal sentences.

Meanwhile, even though in state custody, the petitioner had already filed a motion in the federal court to amend the judgment to award the 486 days served from the date of his arrest, April 1, 2002, until the date of his federal sentencing, July 31, 2003.  He argued that his state and federal sentences are related, the federal detainer(s) being the only reason that he was forced to be incarcerated pending sentencing. Consequently, under 18 U.S.C. §3568 and *United States v. Blankenship*, 733 F.2d 433, 434 (6th Cir. 1984),

he is purportedly entitled to credit for the time from his arrest until the beginning of the federal sentence, on July 31, 2003.

On January 27, 2004, the trial court denied the motion, ruling that "the Bureau of Prisons, not this court, calculates custodial credit toward service of federal prison sentences."  Attached Order from *United States v. Hensley*, Cov. No. 03-CR-27-JBC.  The following month, the petitioner was paroled on the state sentence and came into BOP custody.  On June 9, 2004, he began the administrative remedy process with a complaint to his counselor that "I was denied 13 months of jail credit . . . ."  Attachment 4.1.

The documents attached to the petitioner's brief reveal that, at every level of the administrative remedy process, the instant petitioner argued that he was entitled to credit for time spent in detention from July 8, 2002, when the state sentence was imposed, until July 31, 2003, when his federal sentence was handed down.  The prison administrator's position was that the petitioner was not entitled to credits toward his federal sentence for that time period, because the petitioner had received credit toward his state sentence for that time period.  Under 18 U.S.C. §3585(b), as implemented in Program Statement (P.S.) 5880.28, custody credits may be granted only for time spent in pre-sentence detention "that has not been credited against another sentence."  18 U.S.C. §3585(b).

Further, according to the BOP, the instant petitioner was not denied the benefit of the federal court's intent in ordering concurrent sentences.  The BOP responded that it acted appropriately in order to accomplish the court's intent, by giving the petitioner a *nunc pro tunc* designation which started the counting of time toward his federal sentence on July 31, 2003, even though he was still in the primary custody of the state (only "borrowed" on a writ) on that date and continued in state custody until his February 19, 2004 release on parole.

DISCUSSION

The Court begins with the pre-filing requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241.  *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v.*

*Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").  As is evident herein, exhaustion of administrative remedies prepares a record for the Court.  *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.19 (1998).  Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden.  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel.  *See* §542.15.

The instant record demonstrates that the petitioner exhausted all four steps of the BOP administrative system only with regard to the July 8, 2002 to July 31, 2003 time period in custody.  The time from his April 1, 2002 arrest until his state sentencing on July 8, 2002, was not considered at any level.  Because the petitioner has not exhausted the issue of credits for this time period, there is no record for the Court's consideration and this Court will not consider any aspect of this time period.  It is this earlier time period, when the petitioner was purportedly not permitted bond because of the federal detainer(s), to which the issues in the 1984 *Blankenship* decision and former 18 U.S.C. §3568 apply.  Since the petitioner has not demonstrated that he brought these issues to the BOP first, to exhaustion, then the Court will not address them on the merits herein.

Accordingly, the Court turns its attention to the matter which the instant petitioner did exhaust, the issue of credits for the July 8, 2002 - July 31, 2003 time period.  Section 3568's successor statute, 18 U.S.C. §3585, governs:

**(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a

term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. §3585(b) (emphasis added).  As the federal court recognized in denying the petitioner's motion to amend, Congress has provided that it is the Attorney General, through the Bureau of Prisons, who is authorized to grant a prisoner credit for time spent in pre-sentence detention.  *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993).  Congress has limited the available credits, specifying that the BOP may grant the credits only for time in "official detention" and may grant them only for time "that has not been credited against another sentence."  *Id.*

A district court, however, may grant a petitioner equitable relief under 28 U.S.C. §2241.  *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).  Equitable arguments have been presented by such habeas proceedings.  In addition to *Blankenship, see United States v. McBride*, 21 F.3d 429, 1994 WL 108989 (6th Cir. 1994) (unpublished); *United States v. Trent*, 989 F.2d 501, 1993 WL 78767 (6th Cir.), *cert. denied*, 508 U.S. 945 (1993) (unpublished).

On its face, 18 U.S.C. §3585(b) precludes the "double counting," which the instant petitioner seeks, because all of the time from the state sentencing on July 8, 2002, to the federal sentencing on July 31, 2003, was credited to the state sentence.  Therefore, he is not entitled to have the time also credited toward his federal sentence.  Although the petitioner argues that the 13-month delay beginning on July 8, 2002, and running until his federal sentencing, was not his fault, the fact is that on the date of his federal sentencing, July 31, 2003, the Court chose to have two of his sentences run concurrently and the petitioner's documents reveal that the BOP did, indeed, begin giving him credits toward his federal sentence on that date, despite his being in state facilities.

On the instant record, this Court finds no illegality in the BOP's actions; no inequity flowing

therefrom; no authority to support the petitioner's claims that he is entitled to federal credits for this time period.  Further, the Court finds no support for the petitioner's arguments that failure to warn him of bar against double-counting renders his guilty plea unknowing and/or violates his rights to due process and equal protection of the law.  To the contrary, all authority supports the proposition that a challenge to a guilty plea is not cognizable under §2241, only under §2255.  *Bracy v. Gluch*, 14 F.3d 600 (6th Cir. 1993) (unpublished) (citing cases).

Therefore, the Court will not grant the petitioner the relief he has requested.  The Court's disposition herein is similar to that reached in *Miller v. Clark*, 977 F.2d 582, 1992 WL 289567 (6th Cir. 1992) (unpublished) (affirming denial of relief on ground that the petitioner is not entitled to double credit); and *Thomas v. Bogan*, 70 F.3d 1273, 1995 WL 692987 (6th Cir. 1995) (unpublished) (double credits impermissible under 18 U.S.C. §3585 but the §2241 petitioner had not yet exhausted alternative bases for relief).

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)	The instant petition for writ of habeas corpus is **DENIED**;

(2)	the petitioner's claim for credits toward his federal sentence for the time period from July 8, 2002 through July 30, 2003, time which has already been credited to his state sentence, is **DISMISSED WITH PREJUDICE**, based upon the double-counting prohibition in 18 U.S.C. §3585; with respect to any other time period(s), this matter is **DISMISSED WITHOUT PREJUDICE**, for the petitioner's failure to exhaust BOP administrative remedies with regard to other time period(s); and

(3)	a contemporaneous judgment shall be entered in favor of the respondent.

This the 14th day of July, 2005.



Signed By:

*__Karen K. Caldwell__*

**United States District Judge**